IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| In re: <br><br> **The Thaxton Group, Inc.** <br> **Securities Litigation** <br> _____ <br> Earle B. Gregory, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Finova Capital Corporation; et al., <br><br> Defendants. | C/A No.: 8:04-2612-GRA <br><br> ORDER ON <br> CLASS CERTIFICATION <br><br> [Written Opinion] |

This matter comes before the Court pursuant to Plaintiffs' August 17, 2004 Renewed Motion for Class Certification. Upon consideration of Plaintiffs' Motion and Supporting Memoranda, Defendants' Memoranda in Opposition to Plaintiffs' Motion, oral arguments presented to the Court, applicable law, and the record herein, Plaintiffs' Motion is granted.

## I.    FACTS AND PROCEDURAL BACKGROUND

This securities fraud action is brought on behalf of persons who purchased notes from The Thaxton Group ("Thaxton"), a company now in bankruptcy. The Thaxton Group is alleged to have been the primary violator of the securities laws relevant to this

1

action, but as a result of Thaxton's bankruptcy proceedings, Thaxton is not a named Defendant to this lawsuit. Rather, the three main Defendants to this class action are Finova Capital Corporation ("Finova"), Cherry Bekaert & Holland ("CBH"), and Moore & Van Allen ("MVA"). Plaintiffs' asserted liability against Finova is based upon Finova's alleged control of Thaxton; Plaintiffs' asserted liability against CBH is based upon CBH's alleged provision of misleading financial statements that were used by Thaxton to promote sales; and, Plaintiffs' asserted liability against MVA is based upon, generally, MVA's alleged facilitation of the fraud committed by Thaxton.

In an effort to streamline this case, and in an effort to efficiently and expeditiously prosecute Plaintiffs' claims, the Plaintiffs have moved this Court for an Order certifying this matter as a class action and designating three (3) separate subclasses. The three proposed Sub-classes, and the corresponding claims of each, are as follows:

> **Subclass 1:** Thaxton note holders who purchased notes during the three-year period prior to October 16, 2003 and who held these notes as of the date that Thaxton discontinued the note program on September 29, 2003. Claims pursued by this first proposed Class include, (a) a claim under Section 11 of the Securities Act against CBH as a signer of "expertised" material contained in the registration statements in effect during the Class period, based upon misrepresentations contained in that material, and (b) a claim

2

>under section 15 of the Securities Act against Finova as control person causing Thaxton to commit the Section 11 violations in connection with registration statements filed in connection with Thaxton note sales during the Class period.

>**Subclass 2:** Thaxton noteholders who purchased notes on or after December 4, 2002 and who held those notes as of the date that Thaxton shut down the note program on September 29, 2003. This proposed Class seeks to pursue only one claim, such claim asserted against MVA pursuant to Section 11 of the Securities Act, and based upon MVA's opinion letters that were incorporated into Thaxton's registration statement of December 4, 2002.

>**Subclass 3:** Thaxton note holders who held notes purchased from Thaxton as of September 29, 2003 when Thaxton discontinued its note program. This third and final proposed Class seeks to pursue, (a) claims for Civil Conspiracy against both Finova and MVA, and (b) a professional negligence claim against MVA.

**II.     DISCUSSION**

>A.     <u>The numerosity prerequisite of Rule 23(a)(1) is satisfied for all proposed Subclasses.</u>

It is undisputed that there are thousands of Class Plaintiffs and/or potential Plaintiffs in this case as a whole, as well as within each of the Subclasses proposed

by the Plaintiffs; as such, joinder of all Class members is impracticable, and the numerosity requirement is satisfied. FED. R. CIV. P. 23(a)(1). As such, consideration of Rule 23(a)(1) supports the certification of this action as a class action, and the designation of the three subclasses proposed by Plaintiffs.

B. The commonality prerequisite of Rule 23(a)(2).

Rule 23(a)(2) of the Federal Rules of Civil Procedure requires, as a prerequisite to a class action, that there be questions of law or fact common to the class(es).

*1. Proposed Subclass 1 satisfies the commonality requirement.*

Plaintiffs' proposed Subclass 1 seeks to pursue a claim against CBH pursuant to Section 11 of the Securities Act, and seeks to pursue a claim against Finova pursuant to Section 15 of the Securities Act.

Section 11 of the Securities Act provides for liability arising from misinformation in a registration statement:

> In case any part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading, any person acquiring such security (unless it is proved that at the time of such acquisition he knew of such untruth or omission) may, either at law or in equity, in any court of competent jurisdiction, sue [various defendants] ...

15 U.S.C. § 77k(a).

This statute gives rise to direct liability, and courts have tracked the statute in defining the elements of a cause of action:

4

> The plaintiff in a § 11 claim must demonstrate (1) that the registration statement contained an omission or misrepresentation, and (2) that the omission or misrepresentation was material, that is, it would have misled a reasonable investor about the nature of his or her investment.

*Kaplan v. Rose*, 49 F.3d 1363, 1371 (9th Cir. 1994), citing 17 C.F.R. § 230.405 (information is material if reasonable investor would attach importance to it in considering whether to purchase securities).

Section 15 of the Securities Act of 1933, 15 U.S. C. § 77o, provides that control persons are also liable for violations of Sections 11 and 12. *See Wallace v. Buttar*, 239 F. Supp. 2d 388, 395 n.1 (S.D.N.Y. 2003). The regulations implementing the Act define control as "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise." 17 C.F.R. §§ 230.405 (1995).  On its face, the definition of control is fact specific and requires an examination of the actual operative relationship between the parties, not merely mechanical application of fixed standards.

No proof of "scienter" or state of mind is required for a Section 11 (and thereby a Section 15) violation. Violators of Section 11, as well as "control persons" of those violators (pursuant to Section 15), are liable for innocent or negligent misrepresentations so long as those misrepresentations are material. *See, e.g., Kaplan v. Rose*, 49 F.3d 1363, 1371 (9th Cir. 1994), citing 17 C.F.R. § 230.405. *See also, Krim v. Banktexas Group, Inc*., 989 F.2d 1435, 1445 (5th Cir. 1993) (emphasis added)

(*citing Wielgos v. Commonwealth Edison Co.*, 892 F.2d 509, 513 (7th Cir. 1989) ("Issuers are absolutely liable for material misstatements or omissions made under § 11 of the 1933 Act"). Further, it is unnecessary to prove specific reliance on the misrepresentations by the individual Plaintiffs – all that is required is proof that the misrepresentation would have misled a "reasonable investor." *Id*. *See also*, *In re Safety-Kleen Crop. Bondholders Litigation*, 2004 WL 3115870 (D.S.C.) (decertifying 10b-5 claim classes but allowing Section 11 and Section 15 claims to proceed to trial as class actions because individual reliance is not an element).

In light of the above, this Court finds that Plaintiffs' proposed Subclass 1 satisfies the commonality requirement of Rule 23 and that, by virtue of the nature of Section 11 and Section 15 claims, this commonality requirement cannot be defeated by issues, such as reliance, that would be specific to the individual Plaintiffs.

    *2. Proposed Subclass 2 satisfies the commonality requirement.*

Plaintiffs' proposed Subclass 2 seeks to pursue a Section 11 claim against MVA, such claim arising from opinion letters of MVA that were incorporated into the allegedly misleading registration statements of Thaxton. As set forth above, a Section 11 claim, by its very nature, presents questions of law and fact that are common to the Plaintiffs in this action; therefore, proposed Subclass 2 satisfies the commonality requirement set forth at Rule 23(a)(2).

    *3. Proposed Subclass 3 satisfies the commonality requirement.*

Plaintiffs' proposed Subclass 3 seeks to prosecute a claim against MVA and

6

Finova for Civil Conspiracy, and a claim against MVA for professional negligence.

A civil conspiracy exists when there is (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, (3) which causes the plaintiff special damage. *See, e.g., Island Car Wash, Inc. v. Norris*, 292 S.C. 595, 600, 358 S.E.2d 150, 152 (Ct. App.1987).

The key to a civil conspiracy claim is the existence of a "combination" that results in damage beyond that which would result from a party acting alone. The Civil Conspiracy claim of proposed Subclass 3 asks whether Defendants Finova and MVA participated in the fraudulent scheme to manipulate corporate entities in order to enrich Finova at the expense of the note holders. Because the underlying scheme alleged by Plaintiffs is not one involving specific fraudulent sales to the individual plaintiffs, and instead involves the manipulation of corporate entities to create a vehicle to bring profits into the hands of Finova, common issues of law and fact will predominate over any issues that may be individual-specific.

By way of their professional negligence claim against MVA, the Plaintiffs that comprise Proposed Subclass 3 have asserted that MVA caused harm to third parties as a direct, foreseeable, and necessary result of MVA's breach of its duties to its clients and to the public at large. This claim is general in nature, and should not invoke analysis of issues that are specific to the individual Plaintiffs; as such, this claim fits the commonality prerequisite set forth at Rule 23(a)(2).

C.      The Class and Subclass representatives' claims are typical of the claims

<u>of the Class and Subclass members, and thus satisfy the typicality requirement of Rule 23(a)(3).</u>

The parties that will represent each of Plaintiffs' three proposed Subclasses are pursuing claims that arise from the same course of conduct and share the same legal theory as do the claims of the respective Subclass members. The proposed representatives' claims are therefore typical of those of the proposed Subclasses, and Rule 23(a)(3) is satisfied for all three Subclasses.

### D.    <u>The interests of class members will be adequately represented, satisfying Rule 23(a)(4).</u>

The adequacy prong of Rule 23 looks to both the attorneys and the proposed class representatives to ensure that the rights of class members who are not actively engaged in the action are properly represented. The qualifications of Plaintiffs' attorneys have not been placed in issue; Defendants only are asserting that the proposed representatives of the classes do not satisfy the adequacy requirement.

Class representatives are fiduciaries who must be well-motivated to look out for the interests of all class members.  In connection with that, they should be free of conflicts of interest, in the sense that they are not pursuing the case for some ulterior motive, and do not have special claims that are in conflict with those of the class they represent. It is not necessary that a class representative be intimately familiar with the legal issues of the case. There has been no intimation that any of Plaintiffs' proposed class representatives are motivated by anything but the desire to obtain the best recovery possible for all class members. No proposed representative has an interest in

this litigation that conflicts with that of the general class he represents. As such, there is no sound basis for a finding that Plaintiffs' proposed representatives would not fairly and adequately protect the interests of the classes. The adequacy requirement of Rule 23 is satisfied as to all proposed Subclasses.

### E. The elements of predominance and superiority, set forth at Rule 23(b)(3), are satisfied.

In addition to those prerequisites to class certification set forth at Rule 23(a), two additional elements, predominance and superiority, are required by Rule 23(b). This Court finds that common questions of law and fact predominate and support class certification and designation of the three proposed Subclasses. As noted already herein, Plaintiffs' Section 11, Section 15, and general tort claims do not allege fraud and do not require proof of individual reliance; therefore, common questions of law and fact will predominate over any individual issues.[1]

Additionally, this Court finds that a class action is the superior method available for the fair and efficient adjudication of Plaintiffs' claims. This finding is unchanged by the fact that there now are three Subclasses, and that additional Subclasses may become necessary and may, therefore, be created pursuant to Rule 23(c)(4). One class action, with subclasses, remains unquestionably superior to thousands of separate trials

---

[1] The only individual issues relevant to this proposed class action are: (1) whether each Plaintiff acquired his/her notes during the relevant Class period; and (2) how much money each Plaintiff is owed. These questions should be easily answered from the face of the notes themselves and the records maintained by Thaxton and the Indenture Trustee.

9

that might lead to disparate results. Additionally, the cost of pursuing this litigation on a case-by-case basis would be extremely, likely prohibitively high, and would further reduce the net recovery to be had by any putative Class member. Finally, a class action in this matter will serve to greatly reduce the burden on the judiciary, and will serve to minimize the unnecessary expenditure of valuable judicial resources. Pursuant to Rule 23(b), this action is properly maintainable as a class action.

## **Appointment of Lead Plaintiffs**

An additional issue before the Court is who should serve as lead plaintiff or plaintiffs.The Court is mindful of the requirements of the Private Securities Litigatoin Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (codified at 15 U.S.C. § 77 et seq.). The Court's charge is to select the most adequate plaintiff. 15 U.S.C. §77z-1(a)(3).

Based on the record herein, the arguments of counsel, and applicable law, the Court appoints John A. Tibbs and Laverne McKenzie to be the Class representatives for Sub Class 1 and Earle Gregory for Subclasses 2 and 3 as lead plaintiffs. The record in this indicates that these individuals are aggrieved investors holding significant claims. Indeed, Mr. McKenzie has one of the largest note holder claims. Mr. McKenzie further serves on the unsecured Creditor's Committee in the Thaxton bankruptcy. These class representatives have also kept abreast of the developments in the case and expressed a willingness to serve as lead Plaintiff. The Court believes that these individuals will properly protect the interests of the class, under the inherent supervisory obligations

of the Court that exist in any class action.

Should it appear that additional class representatives are required to represent subclasses, the parties should move the Court to so designate when appropriate.

Finally, the Court designates Gil Bagnell and Chad McGowan as counsel for the class in this case.

## III.   CONCLUSION

For the reasons set forth above, this Court determines that Plaintiffs have met the requirements of Rule 23 of the Federal Rules of Civil Procedure. As such,

**IT IS ORDERED THAT**

1) That this action is certified as a class action.

2) It is further ordered that the following three Subclasses are created: (a) Subclass 1 consisting of Thaxton note holders who purchased notes during the three-year period prior to October 16, 2003 and who held these notes as of the date that Thaxton discontinued the note program on September 29, 2003; (b) Subclass 2 consisting of Thaxton note holders who purchased notes on or after December 4, 2002 and who held those notes as of the date that Thaxton shut down the note program on September 29, 2003; and, (c) Subclass 3 consisting of all Thaxton noteholders who held notes purchased from Thaxton as of September 29, 2003 when Thaxton discontinued its note program.

3) In the event that further discovery in this matter reveals the need for

      additional subclasses, Plaintiffs are free to move this Court at that time for the designation of any such additional subclasses. Should further discovery in this matter uncover a deficiency in the definition and/or description of any designated Subclass, Plaintiffs shall inform the Court of such deficiency and shall move to re-designate, in a correct and non-deficient manner, such Subclass.

4) Laverne McKenzie, John A. Tibbs, and Earle Gregory are appointed as lead Plaintiffs

5) Gil Bagnell and Chad McGowan are appointed as class counsel for the remainder of this case

AND IT IS SO ORDERED.

*[Signature]*

_____

The Honorable G. Ross Anderson, Jr.
United States District Court Judge

Anderson, South Carolina.

June 8, 2005.