**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Case No. 8:04-2612-13 |
| | ) | |
| **THE THAXTON GROUP, INC.,** | ) | |
| **SECURITIES LITIGATION** | ) | |
| | | |
| **OFFICIAL COMMITTEE OF** | ) | |
| **UNSECURED CREDITORS OF THE** | ) | |
| **THAXTON GROUP, INC.,** | ) | 8:04-22275-13 |
| | ) | |
| Plaintiff, | ) | Originally filed in the United States |
| | ) | Bankruptcy Court of the District of |
| vs. | ) | Delaware, Adv. Proc. No. 04-53129 |
| | ) | |
| **FINOVA CAPITAL CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER SETTLING RECORD

The Committee of Unsecured Creditors (the "Committee") has moved pursuant to Federal Rule of Appellate Procedure 10(e) and Fourth Circuit Local Rule 10(e) for an order settling the record in Finova's appeal from the Court's order of summary judgment, dated March 20, 2006 (the "March 20th Order"). The parties, based on their motion papers, have agreed as to what should be included in the record, with the exception of four additional items, which are addressed as follows:

1. The depositions, exhibits and other evidence that were attached to Finova's comments to the Committee's proposed order, that were submitted after the motion was heard and after the Court had announced its decision to grant summary judgment against Finova, were not considered by the Court. That material is not part of the record.

2.       Two transcripts of hearings (held on September 30, 2004 and November 30, 2004), that were held before the motion for partial summary judgment was ever filed, were not presented in Finova's opposition to the motion for partial summary judgment and were not considered by the Court.  The transcripts are not part of the record.

3.       The amended class complaint appears to have been referred to by Finova in its opposition to the motion for partial summary judgment.  The Complaint is part of the record.

4.       The exhibits that the Committee presented to the Court during oral argument on the motion for partial summary judgment held on September 15, 2005, without objection by Finova, were considered by the Court and referred to in its order of summary judgment.  The exhibits are part of the record.

IT IS THERFORE ORDERED that the record on appeal in connection with FINOVA's appeal of the March 20th Order is comprised of those items agreed to by the parties plus the materials described in paragraphs numbered 3 and 4 above.

IT IS ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Dated: May __26__, 2006
Anderson, S.C.